JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority’s reversal of the misdemeanor assault conviction. The record contains substantial evidence to support the conviction for misdemeanor assault.
In substance § 45-5-201(l)(d), MCA, provides that a person commits the offense of assault if he purposely or knowingly causes reasonable apprehension of bodily injury in another person. While the majority concedes that Mr. Underwood was apprehensive of bodily injury, it concludes such apprehension was not reasonable and so reverses the assault conviction.
*153 We agree with the standard of review cited in the majority opinion: a conviction cannot be overturned if evidence, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find essential elements of the crime beyond a reasonable doubt. State v. Laverdure (1990), 241 Mont. 135, 785 P.2d 718. That case emphasizes that the weight of the evidence and the credibility of witnesses are exclusively to be determined by the jury.
The majority isolates portions of the testimony instead of considering the totality of the circumstances presented by the evidence. During the first encounter on the road, while there was no threat of bodily injury to Mr. Underwood, the defendant was shouting and screaming filthy names at him and stopped only when Mr. Underwood’s four-year old son appeared. The second occurrence took place a few days later when Mr. Wood told Mr. Underwood that the defendant had relayed the information that the defendant was going to shoot Underwood if he “messed with him.” Wood testified the defendant was serious, that he was red in the face, excited, and screaming. Mr. Underwood testified he took the threat seriously. Mr. Wood testified that Mr. Underwood was scared at the time he conveyed the message to him. The third incident took place a few days later at the Ferndale Market. At that time the defendant started screaming again and calling Mr. Underwood names. He told Mr. Underwood that if the boy hadn’t been there, he would have shot him on the road. Mr. Matitus, who was with Mr. Underwood in the store, testified that the defendant was upset, red in the face and yelling bad words. Mr. Matitus further testified that Mr. Underwood was nervous, scared and upset by what the defendant said. Mr. Underwood testified that he took the defendant’s threats seriously and believed he meant to do him bodily harm.
The majority has concluded that the apprehension of bodily harm was not reasonable. I suggest that this disregards the testimony of Mr. Wood and Mr. Matitus who both observed that Mr. Underwood was scared. The totality of the circumstances suggests there was a basis for apprehension of bodily harm on the part of Mr. Underwood.
The majority emphasizes the aspect of “messing with” in its review of the testimony of Mr. Wood. It ignores testimony of the same Mr. Wood who observed the apprehension on the part of Mr. Underwood.
Had the jury viewed the evidence in the same manner as the majority does in its opinion, I would be constrained to agree that there was sufficient evidence to support that conclusion. However, in this instance the jury, not the majority, was the trier of fact. I conclude *154 there was clearly sufficient evidence, when viewed in the light most favorable to the prosecution, to allow the jury to find defendant caused reasonable apprehension of bodily injury in Mr. Underwood.
I would affirm the conviction for misdemeanor assault.
CHIEF JUSTICE TURNAGE and JUSTICE McDONOUGH concur in the foregoing dissent.